IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND A. MARROQUIN,<br><br>    Plaintiff,<br><br> v.<br><br>MIKE EVANS, Warden, et al.,<br><br>    Defendants.                   / | No. C 09-03841 SBA (PR)<br><br>**ORDER GRANTING IN FORMA PAUPERIS STRATUS; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

    Plaintiff's application for in forma pauperis status is GRANTED. The total filing fee due is $350.00. The initial partial filing fee due for Plaintiff at this time is $2.23. A copy of this Order and the attached instruction sheet will be sent to Plaintiff, the Prison Trust Account Office and the Court's Financial Office.

    Plaintiff also requests the appointment of counsel to represent him in this action. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the

complexity of the legal issues involved.  See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment.  The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits.  Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved.  See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  Accordingly, the request for appointment of counsel at this time is DENIED.  The Court will consider appointment of counsel later in the proceedings, after Defendants have filed their dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue.  Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed.  If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

This Order terminates Docket nos. 2 and 3.

IT IS SO ORDERED.

DATED: 12/17/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARMANDO A. MARROQUIN et al,

        Plaintiff,

v.

MIKE EVANS et al,

        Defendant.

Case Number: CV09-03841 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 21, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armundo A. Marroquin T-86698
CCA-FCC
P.O. Box 6900
Florence, AZ 85132

Dated: December 21, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk