IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARMANDO A. MARROQUIN,

   Plaintiff,

v.

MIKE EVANS, et al.,

   Defendants.
               /

No. C 09-03841 SBA (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff is a state prisoner currently being held in Central Arizona Detention Center (CADC), a Corrections Corporation of America facility in Florence, Arizona. He has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations stemming from his incarceration at Salinas Valley State Prison (SVSP) in 2008. Plaintiff's motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names Defendants SVSP Warden Mike Evans and Correctional Officers Gready, Recio and Montano. Plaintiff seeks monetary damages and injunctive relief.

## BACKGROUND

On March 2, 2008, Plaintiff asked Defendant Recio for a "cell move," alleging he "feared for [his] safety." (Attach. to Compl., "Citizens' Complaints Against Personnel.") Plaintiff claims that Defendant Recio failed to help with this "evident serious threat," merely stating that "as soon as he had a cell available he would take [Plaintiff's] situation under consideration." (Id.) Defendant Recio also "failed to investigate the reason why [he] was with [sic] afraid for [his] safety." (Id.)

On March 4, 2008, Plaintiff asked an inmate in a neighboring cell, inmate C. Hernandez, to "please call the Officers because it was an emergency." (Id.) Plaintiff alleges that Defendants Gready and Montano were the officers on "the second shift" at that time. ("CDCR 602 Translation Spanish to English.") Inmate Hernandez informed Defendant Gready about Plaintiff's "emergency." However, Defendant Gready "ignored [Plaintiff's] request for help," and "failed to come to

[Palintiff's cell to investigate . . . ." (Id.) Plaintiff alleges that his cell mate, inmate G. Rodriguez, then "attacked him, and hurt [him] badly" by kicking Plaintiff's face and chest and throwing a television at Plaintiff. (Attach. to Compl., "Citizens' Complaints Against Personnel"; "CDCR 602 Translation Spanish to English.") As a result of the attack, Plaintiff is "still suffering from the injuries that [he] suffered during the attack," including "pain in [his] chest and in [his] head" (Attach. to Compl., "Citizens' Complaints Against Personnel"), "a broken nose," "two loose teeths [sic]" and pain in his jaw and throat when he eats. (Attach. To Compl., "Gov't Claims Form.") Plaintiff further alleges that, as of the date he signed his complaint -- August 8, 2009 -- he had not "received any treatment to alleviate [his] pain." (Attach to Compl., "CDCR 602 Translation Spanish to English.")

## **DISCUSSION**

### **I.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### **II.     Legal Claims**

#### **A.      Injunctive Relief**

Plaintiff seeks injunctive relief. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. Pub. Util. Comm'n of State of Cal. v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted; where the

question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented. Flast v. Cohen, 392 U.S. 83, 95 (1968). Where injunctive relief is requested, questions of mootness are determined in light of the present circumstances. See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996). When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

Because all Plaintiff's claims for injunctive relief are against SVSP officials and he is no longer incarcerated at SVSP, his claims are DISMISSED as moot. See Mitchell, 75 F.3d at 528.

### B. Deliberate Indifference to Safety

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. See id. at 833. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834.

Plaintiff alleges that Defendant Recio "failed to help" with his "evident serious threat," and Defendant Gready ignored [Plaintiff's] request for help." ("Citizens' Complaints Against Personnel.") Liberally construed, Plaintiff's complaint states a cognizable deliberate indifference to safety claim against Defendants Gready and Recio.

However, Plaintiff does not allege that Defendant Montano was aware of Plaintiff's emergency. Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844

3

F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. See id. at 634.

Accordingly, the Court DISMISSES Plaintiff's deliberate indifference to safety claim against Defendant Montano with leave to amend. Plaintiff may reassert this claim against Defendant Montano in an amendment to the complaint if he can, in good faith, allege facts demonstrating that Defendant Montano himself was "subjectively, deliberately indifferent to the inmate's safety." Farmer, 511 U.S. at 834.

### C.   Deliberate Indifference to Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff states that he has not "received medical treatment to alleviate his pain" since the alleged attack by his cell mate, G. Rodriguez. ("CDCR 602 Translation Spanish to English.") However, Plaintiff has not linked Defendants Gready, Recio and Montano to his allegations regarding deliberate indifference to medical needs. Furthermore, Plaintiff has now been transferred to CADC. Therefore any claims he may have against prison officials at CADC cannot be brought in

4

this district. Instead, Plaintiff may file a complaint in the United States District Court for the District of Arizona relating to any constitutional violations stemming from his incarceration at CADC.

Accordingly, the Court DISMISSES with leave to amend Plaintiff's deliberate indifference to medical needs claim against Defendants Gready, Recio and Montano. Plaintiff may reassert this claim in an amendment to the complaint if he can, in good faith, allege facts demonstrating that Defendants knew Plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. at 837.

### D. Supervisory Liability Claim

A supervisor may be liable under § 1983 for deliberate indifference upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). Thus, a supervisor is generally "only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). However, a supervisor cannot be held liable in the absence of an underlying constitutional violation. Jackson v. City of Bremerton, 268 F.3d 646, 654 (9th Cir. 2001).

In his complaint, Plaintiff names M. Evans, the warden at SVSP, as a Defendant. Plaintiff alleges that Defendant Evans violated his "duties to ensure adequate training, supervision and direction of subordinate employees." (Compl. at 3.) However, Plaintiff does not specifically allege that Defendant Evans either "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Accordingly, the Court DISMISSES with leave to amend Plaintiff's claims for deliberate indifference to safety and serious medical needs against Defendant Evans. Plaintiff may reassert these claims against Defendant Evans in an amendment to the complaint if he can, in good faith, allege facts demonstrating a "sufficient causal connection" between the Eighth Amendment violations and Defendant Evan's "wrongful conduct." Redman, 942 F.2d at 1446.

### E.    State Law Claims

Plaintiff alleges that he is entitled to relief under California state law for Defendants' actions. He asserts supplementary state law claims that Defendants' actions constituted negligence, medical malpractice and intentional infliction of emotional distress (IIED). Regarding his IIED claim, Plaintiff specifically alleges that the actions of Defendants caused him "physical and mental and emotional suffering." (Compl. at 4.)

The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"  28 U.S.C. § 1367(a).

Because his state law claims arise out of the same acts and events giving rise to his federal claims, the Court will exercise supplemental jurisdiction over the claims.  See 28 U.S.C. § 1367(a). Liberally construed, the Court finds his state law claims cognizable. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims of negligence, medical malpractice and IIED.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Plaintiff's claims for injunctive relief are DISMISSED at moot.

2.    Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to safety against Defendants Gready and Recio.

3.    The named Defendants have not been linked to Plaintiff's claim of deliberate indifference to serious medical needs; therefore, this claim is DISMISSED with leave to amend. If Plaintiff intends to pursue this claim, he shall file an amendment to the complaint containing such allegations, as instructed above.

4.    Defendants Montano and Evans have not been linked to Plaintiff's alleged constitutional violations. Accordingly, Plaintiff's claims against Defendants Montano and Evans are DISMISSED with leave to amend. If Plaintiff intends to pursue his claims against Defendants Montano and Evans, he shall file an amendment to the complaint containing such allegations, as

1  instructed above. have not been linked to Plaintiff's alleged constitutional violations.  Accordingly,
2  Plaintiff's claims against Defendants Montano and Evans are DISMISSED with leave to amend.  If
3  Plaintiff intends to pursue his claims against these Defendants, he shall file an amendment to the
4  complaint containing such allegations, as instructed above.

5       5.     Within **thirty (30) days** of the date of this Order Plaintiff may file amended claims
6  against Defendants Montano and Evans as set forth above in Sections II(B) and (D) of this Order,
7  respectively.  And Plaintiff may also file an amended claim of deliberate indifference to serious
8  medical needs as set forth above in Section II(C) of this Order.  (Plaintiff shall resubmit only those
9  claims and not the entire complaint.)  The amended claims must be submitted on an amendment to
10 the complaint.  It must include the caption as well as the civil case number of this action (C 09-3841
11 SBA (PR)) and the words AMENDMENT TO THE COMPLAINT on the first page.  Failure to do
12 so will result in the dismissal without prejudice of any claim against Defendants Montano and Evans
13 as well as Plaintiff's claim of deliberate indifference to serious medical needs.

14      6.     The Court will exercise supplemental jurisdiction over Plaintiff's state law claims of
15 negligence, medical malpractice and IIED.

16      7.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
17 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and
18 all attachments thereto (docket no. 1) and a copy of this Order to **SVSP Correctional Officer**
19 **Gready at SVSP and to former SVSP Correctional Officer Recio at Avenal State Prison**.  The
20 Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State
21 Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order
22 to Plaintiff.

23      8.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires
24 them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant
25 to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of
26 Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of
27 such service unless good cause be shown for their failure to sign and return the waiver form.  If
28 service is waived, this action will proceed as if Defendants have been served on the date that the

waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

        9.        Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

        a.        No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b.        Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered

8

against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.    If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

    d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

10.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

11.    All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendants' counsel.

12.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

13.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

*Saundra B Armstrong*

G:\PRO-SE\SBA\CR.09\Marroquin3841.service.wpd   9

DATED: 5/24/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARMANDO A. MARROQUIN et al,

        Plaintiff,

v.

MIKE EVANS et al,

        Defendant.

Case Number: CV09-03841 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armundo A. Marroquin T-86698
CCA-FCC
P.O. Box 6900
Florence, AZ 85132

Dated: May 25, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Marroquin3841.service.wpd