IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO A. MARROQUIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MIKE EVANS, et al.,<br><br>　　　　Defendants.　　　　　　　　／ | No. C 09-03841 SBA (PR)<br><br>**ORDER REVIEWING AMENDMENT TO THE COMPLAINT AND SETTING BRIEFING SCHEDULE** |

　　　　Plaintiff is a state prisoner currently being held in La Palma Correctional Center (LPCC) in Eloy, Arizona. He has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations stemming from his incarceration at Salinas Valley State Prison (SVSP) in 2008. Plaintiff's motion for leave to proceed in forma pauperis has been granted.

　　　　In its Order dated May 24, 2011, the Court served Plaintiff's deliberate indifference to safety claim against Defendants SVSP Correctional Officers Gready and Recio, stemming from an alleged attack by Plaintiff's cellmate, G. Rodriguez. However, the Court dismissed with leave to amend Plaintiff's deliberate indifference to safety claim against Defendants SVSP Warden Mike Evans and Correctional Officer Montano due to Plaintiff's failure to link these Defendants to his safety needs claim. Furthermore, the Court dismissed with leave to amend Plaintiff's deliberate indifference to serious medical needs claim against Defendants Gready, Recio, and Montano due to Plaintiff's failure to link these Defendants to his medical needs claim.

　　　　On June 23, 2011, Plaintiff filed his amendment to the complaint, which the Court now reviews to determine whether it states cognizable claims for relief.

**I.　Safety Needs Claim Against Defendant Montano**

　　　　In its May 24, 2011 Order, the Court noted indicated that Plaintiff had attempted to state a claim in his original complaint against Defendant Montano for deliberate indifference to Plaintiff's safety needs. The Court concluded that such claim should be dismissed because Plaintiff had not alleged that Defendant Montano was aware of Plaintiff's alleged emergency. The Court directed Plaintiff to reassert this claim against Defendant Montano in an amendment to the complaint if he can, "in good faith, allege facts demonstrating that Defendant Montano himself was 'subjectively,

deliberately indifferent to the inmate's safety.'" (May 24, 2011 Order at 4 (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994).)

In his amendment to the complaint, Plaintiff has not identified with sufficient specificity the actions of Defendant Montano that rise to the level of deliberate indifference to safety. In support of his claim, Plaintiff makes the conclusory statement that Defendant Montano was "present" when Plaintiff sent an inmate to inform officers that Plaintiff had an emergency. (Am. to Compl. at 3-C.) However, Plaintiff states that the inmate only spoke with Defendant Gready about Plaintiff's emergency; however, there is nothing in the record to indicate that Defendant Montano was aware of Plaintiff's emergency. Standing alone, these conclusory descriptions of what occurred do not allege facts which state a claim for relief. Therefore, the Court DISMISSES Plaintiff's deliberate indifference to safety claim against Defendant Montano.

## II.     Medical Needs Claim Against Defendants Gready, Recio, and Montano

In regard to Plaintiff's deliberate indifference to serious medical needs claim against Defendants Gready, Recio and Montano, the Court concluded that although Plaintiff's allegations that he did not "receive[] medical treatment to alleviate his pain" after the alleged attack by his cell mate, Plaintiff failed to link Defendants Gready, Recio, and Montano to his allegations regarding deliberate indifference to his serious medical needs.

In his amendment to the complaint, Plaintiff asserts, again, in a conclusory fashion, that Defendants Gready, Recio, and Montano "failed to provide [him] with the requested medical [treatment]." (Am. to Compl. at 3-D.) Plaintiff also alleges that Defendants Gready, Recio, and Montano were "regular officers at (B-3) Bravo yard, Three building where Plaintiff was housed." (Id.) Plaintiff has previously established, in his original complaint, that Defendants Gready and Recio were aware of his emergency but failed to act. Therefore, the Court finds that he has also sufficiently linked them to his allegation that they "were aware that Plaintiff was suffering from severe pain." (Id.) Therefore, the Court finds Plaintiff has stated a cognizable claim of deliberate indifference to medical needs against Defendants Gready and Recio. However, the Court finds Plaintiff's claim against Defendant Montano is too conclusory to state a claim because he has not established that this Defendant was aware of Plaintiff's emergency. Therefore, the Court

DISMISSES Plaintiff's claim of deliberate indifference to serious medical needs against Defendant Montano.

### III.     Supervisory Liability Claim Against Defendant Evans

In its May 24, 2011 Order, the Court dismissed with leave to amend Plaintiff's supervisory liability claim against Defendant Evans. In his original complaint, Plaintiff stated that Defendant Evans violated his "duties to ensure adequate training, supervision and direction of subordinate employees." (Compl. at 3.) However, the Court noted that Plaintiff did not "specifically allege that Defendant Evans either 'participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" (May 24, 2011 Order at 5 (Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).) The Court directed Plaintiff to reassert his claim against Defendant Evans in an amendment to the complaint if he could, in good faith, "allege facts demonstrating a 'sufficient causal connection' between the Eighth Amendment violations and Defendant Evan's 'wrongful conduct.'"  (Id. at 5 (Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc)).)

In his amendment to the complaint, Plaintiff merely repeats his allegations from his original complaint, stating that Defendant Evans "failed to properly train, supervise, direct and/or control the actions of a subordinate(s) who caused the injury." (Am. to Compl. at 3-B.) Plaintiff fails to correct the deficiencies of his supervisory liability claim against Defendant Evans; therefore, this claim is DISMISSED for failure to state a claim.

### IV.     Injunctive Relief Claim

In its May 24, 2011 Order, the Court found that Plaintiff's injunctive relief claim was moot, because he no longer was incarcerated at SVSP.

In his amendment to the complaint, Plaintiff requests the Court reconsider its dismissal of his injunctive relief claim, stating:

> injunctive relief is not moot because there is a reasonable expectation that Plaintiff would be again or continues to be subject to challenge the issues from which he seeks relief. On or before August 2013, Plaintiff will be transferred back to Salinas Valley State Prison. The transfer is contemplated because Plaintiff has challenege[d] his involuntary transfer and his conviction by way of a petition for writ of habeas corpus which more than likely will be granted.

(Am. to Compl. at 3-F.)

3

As the Court stated in its May 24, 2011 Order, "[a] claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted; where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." (May 24, 2011 at 2-3 (quoting Flast v. Cohen, 392 U.S. 83, 95 (1968)).) The Court added that, "[w]here injunctive relief is requested, questions of mootness are determined in light of the present circumstances." (Id. at 3 (citing Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996)).) Finally, the Court explained: "When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot." (Id. (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995)).)

Here, at present, Plaintiff is not incarcerated at SVSP; in fact, he is incarcerated at a prison in Arizona. Thus, the Court finds Plaintiff's arguments against dismissal unavailing. Furthermore, Plaintiff is merely speculating that he will be transferred back to SVSP based on the probability that his habeas petition will be granted. Accordingly, because all of Plaintiff's claims for injunctive relief are against SVSP officials and he is no longer incarcerated at SVSP, his injunctive relief claims were properly dismissed as moot, and his request for the Court to reconsider its dismissal of these claims is DENIED. See Mitchell, 75 F.3d at 528.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to medical needs against Defendants Gready and Recio.

2. All claims against Defendants Montano and Evans are DISMISSED.

3. Plaintiff's request for the Court to reconsider its dismissal of his injunctive relief claim is DENIED.

4. Defendants Gready and Recio (hereinafter "Defendants") have filed an answer and a motion for summary judgment as to Plaintiff's deliberate indifference to safety claim and his state claims. No later than **fourteen (14) days** of the date of this Order, Defendants shall file an answer

4

to the newly-found cognizable claim of deliberate indifference to serious medical needs.  The following briefing schedule shall govern any further dispositive motions filed in this action:

      a.      No later than **twenty-eight (28) days** after the date the answer is due, Defendants shall file a supplemental motion for summary judgment or other dispositive motion pertaining to the newly-found cognizable claim of deliberate indifference to serious medical needs.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that the medical claim cannot be resolved by summary judgment, they shall so inform the Court prior to the date the supplemental dispositive motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the supplemental dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is

cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.      Defendants reply brief shall be filed no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    5.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 6/8/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARMANDO A. MARROQUIN et al,

    Plaintiff,

v.

MIKE EVANS et al,

    Defendant.

Case Number: CV09-03841 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armundo A. Marroquin T-86698
L.P.C.C. N.A. 227
5501 N. L Palma Rd.
Eloy, AZ 85131

Dated: June 12, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk