IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO A. MARROQUIN,<br><br>   Plaintiff,<br><br>   v.<br><br>MIKE EVANS, et al.,<br><br>   Defendants. | No. C 09-03841 SBA (PR)<br><br>**ORDER PROVIDING *RAND* SUMMARY JUDGMENT NOTICE; SETTING NEW BRIEFING SCHEDULE RELATING TO PENDING MOTION FOR SUMMARY JUDGMENT; AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

Plaintiff is a state prisoner currently being held in La Palma Correctional Center (LPCC) in Eloy, Arizona. He has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations stemming from his incarceration at Salinas Valley State Prison (SVSP) in 2008. Plaintiff's motion for leave to proceed in forma pauperis has been granted. Plaintiff has also filed a request for appointment of counsel.

In its Order dated May 24, 2011, the Court served Plaintiff's deliberate indifference to safety claim against Defendants SVSP Correctional Officers Gready and Recio, stemming from an alleged attack by Plaintiff's cellmate, G. Rodriguez. Thereafter, Defendants filed a motion for summary judgment relating to the deliberate indifference to safety claim. Plaintiff has filed his opposition to the motion, and Defendants have filed their reply to the opposition.

In its Order of Service, the Court, in accordance with the holding of Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998), explained to Plaintiff what he must do in order to oppose a motion for summary judgment. A recent decision from the Ninth Circuit, however, requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the district court orders service of process or otherwise before the motions are filed. Woods v. Carey, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012). Accordingly, the Court now provides the following notice to Plaintiff for his information in connection with Defendants' pending motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

>Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

Rand, 154 F.3d at 962-63.

As mentioned above, Plaintiff has already filed an opposition to Defendants' motion for summary judgment.[1] In order to allow Plaintiff an opportunity to properly oppose the pending motion for summary judgment taking into account this Rand summary judgment notice, the Court now directs the parties to abide by the new briefing schedule on Defendants' motion for summary judgment outlined below.

Also before the Court is Plaintiff's motion for appointment of counsel. However, as stated in the Court's previous order denying appointment of counsel there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

The Court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525

---

[1] The Court notes that in its electronic database, the Clerk of the Court labeled Plaintiff's opposition as his "Motion to Appoint Counsel" (docket no. 21) because his opposition was attached to his request for appointment of counsel. The Clerk is directed to docket this document as Plaintiff's "Motion to Appoint Counsel; and Opposition to Defendants Gready and Recio's Motion for Summary Judgment."

2

(9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

Here, the Court finds that Plaintiff has aptly presented his claims, and the issues presented in Defendants' motion for summary judgment are straightforward. Accordingly, the Court finds that appointment of counsel is not necessary at this time, and Plaintiff's motion (docket no. 21) is DENIED without prejudice. In any event, the Court has granted Plaintiff an opportunity to file a supplemental opposition to Defendants' pending motion for summary judgment, as set forth above.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff is now being given the opportunity to properly oppose the pending motion for summary judgment taking into account this Rand summary judgment notice. Thus, the Court now sets the following briefing schedule on Defendants' motion for summary judgment: No later than **August 13, 2012**, Plaintiff must file and serve a supplemental opposition since he has already filed an opposition. No later than **August 27, 2012**, Defendants shall file and serve their reply. **No further extensions of time will be granted in this case absent exigent circumstances.**

2. Plaintiff's motion for appointment of counsel (docket no. 21) is DENIED without prejudice. The Clerk is directed to docket the aforementioned motion and the attached opposition as his "Motion to Appoint Counsel; and Opposition to Defendants Gready and Recio's Motion for Summary Judgment."

3. This Order terminates Docket no. 21.

IT IS SO ORDERED.

DATED:  7/12/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.09\Marroquin3841.RANDnotice&denyATTY.wpd   3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARMANDO A. MARROQUIN et al,

        Plaintiff,

v.

MIKE EVANS et al,

        Defendant.

Case Number: CV09-03841 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armundo A. Marroquin T-86698
L.P.C.C. N.A. 227
5501 N. L Palma Rd.
Eloy, AZ 85131

Dated: July 12, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Marroquin3841.RANDnotice&denyATTY.wpd   4