UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARMANDO ANTONIO MARROQUIN,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER T. GRADY, et al.,<br><br>Defendants. | Case No: C 09-3841 SBA (pr)<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT**<br><br>Docket 41 |

Plaintiff previously brought the instant pro se action against various correctional officers and the Warden at Salinas Valley State Prison for deliberate indifference to safety and deliberate indifference to serious medical needs, pursuant to 42 U.S.C. § 1983. On September 28, 2012, the Court granted Defendants' motion for summary judgment as to Plaintiff's federal claims and declined to assert supplemental jurisdiction over his state law causes of action. Dkt. 39.

On October 25, 2012, Plaintiff filed a Motion to Vacate Judgment Civil Action under Federal Rule of Civil Procedure 59(e). Dkt. 41. The amendment or alteration of a judgment is permissible under Rule 59(e) if: (1) the district court is presented with newly-discovered evidence; (2) the district court committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A district court has "considerable discretion" in considering a Rule 59(e) motion. Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

Plaintiff asserts that he has "newly discovered" evidence—i.e., two witnesses who allegedly will testify that he was in need of medical care and suffered pain. Mot. at 2. He further requests that the Court appoint an attorney to interview these witnesses. However, Plaintiff fails to articulate the specific testimony his proposed witnesses would offer or make any showing that they, in fact, are competent to provide information germane to any material issue of fact. Moreover, Plaintiff fails to make any showing why he could not have uncovered the identity of these witnesses earlier, particularly given that the underlying incident occurred in 2008. See Kona Enters., 229 F.3d at 890 (noting that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Plaintiff also contends that the Court's ruling was in error on the grounds that the Court improperly credited the declarations submitted by Defendants, since "prison staff can say anything they want in their declarations and reports." Mot. at 2. However, in ruling on Defendants' summary judgment motion, the Court only considered admissible evidence. See 9/28/12 Order at 10-11. In addition, Plaintiff has waived any objections to such evidence. Plaintiff's ancillary contention that the Court did not consider the evidence he submitted with his opposition is belied by the Court's Order, which clearly addresses his contentions. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to vacate judgment is DENIED.

2. For the reasons stated above and the Court's summary judgment order, the Court certifies that any appeal from the Court's summary judgment decision would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

3. This Order terminates Docket 41.

IT IS SO ORDERED.

Dated: February 22, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARMANDO A. MARROQUIN et al,

      Plaintiff,

 v.

MIKE EVANS et al,

      Defendant.
                               /

Case Number: CV09-03841 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 25, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armundo A. Marroquin T-86698
L.P.C.C. N.A. 227
5501 N. L Palma Rd.
Eloy, AZ 85131

Dated: February 25, 2013

                                       Richard W. Wieking, Clerk

                                            By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Marroquin3841.DenyMotVacate.docx